UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHEILA LYNNE ROBERTS,

                Plaintiff,                             Civil Action No. 17-cv-12458

vs.                                            HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____/

**OPINION & ORDER
(1) OVERRULING PLAINTIFF'S OBJECTION (Dkt. 23), (2) ADOPTING THE
RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 22), (3) DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 18), and (4) GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 20)**

## I.  INTRODUCTION

In this social security case, Plaintiff Sheila Lynne Roberts ("Roberts") appeals from the

final determination of the Commissioner of Social Security ("the Commissioner") denying her

application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

The matter was referred to Magistrate Judge David R. Grand for a Report and Recommendation

("R&R").  The parties filed cross-motions for summary judgment (Dkts. 18, 20), and Magistrate

Judge Grand issued an R&R recommending that the Court grant the Commissioner's motion for

summary judgment and deny Roberts' motion for summary judgment (Dkt. 22).  Roberts filed

objections to the R&R (Dkt. 23); and the Commissioner subsequently filed a response (Dkt. 24).

For the reasons that follow, the Court overrules Roberts' objections to the magistrate

judge's recommendation, and adopts the recommendation contained in the magistrate judge's

R&R.  Roberts' motion is denied and the Commissioner's motion is granted.

## II.  LEGAL STANDARD

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## III. ANALYSIS

In her motion for summary judgment, Roberts made five arguments: (1) the ALJ's decision was unsupported by substantial evidence and was contrary to the great weight of such evidence; (2) the Appeals Council erred by failing to incorporate "new and additional evidence" into the transcript and failing to remand the matter for further consideration in light of this evidence; (3) the ALJ erred in finding that her impairments did not meet or equal Listing 12.04; (4) the ALJ "failed to present coherent, cogent specific[]" reasons as to why she discounted Roberts' testimony regarding her "gastrointestinal, psychological and spinal impairments, when they are substantiated by the great weight of evidence presented;" and (5) the ALJ's hypothetical question to the vocational expert was flawed. Pl. Mot. Summ. J. at 19 (Dkt. 18), PageID.878. The magistrate

judge found that Roberts' first and fourth arguments were insufficient to merit review by the Court. R&R at 8 n.2, PageID.996. Roberts raises sixteen objections to the magistrate judge's R&R. See Obj. at 1-13. The Court addresses each in turn, concluding that all of the objections lack merit.

## A. Objection One

Roberts first argues that the magistrate judge erred by finding that she had waived her first and fourth arguments. Obj. at 2, PageID.1018 (citing Jones v. Comm'r of Soc. Sec., 2016 WL 3963174 at *4 (S.D. Ohio July 22, 2016), and Boyanowski v. Colvin, 2013 WL 3353947 at *8 (N.D. Ind. July 2, 2013)). Jones and Boyankowski are both cases in which magistrate judges rejected the Commissioner's contention that certain arguments had been waived. Jones, 2016 WL 3963174 at *4; Boyanowski, 2013 WL 335974 at *8. Roberts asserts that her first argument is set forth adequately on pages 3-17, 19-21, 27-30, and 31-33 and her fourth argument is set forth in pages 26-30 of her motion for summary judgment. Obj. at 3, PageID.1019. The Commissioner argues that the magistrate judge correctly found that Roberts had waived her arguments under McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997). Resp. at 3, PageID.1033. The Commissioner has the better part of the argument.

Roberts' first argument that the ALJ's decision was unsupported by substantial evidence and was contrary to the great weight of such evidence lacks any argumentation. Roberts directs the Court's attention to almost every page of her motion for summary judgment, leaving the Court to divine the contours of her argument. However, pages 3-17 of Roberts' motion for summary judgment is the factual background portion of her brief; pages 27-30 ostensibly address her third and fourth arguments; and pages 31-33 address Roberts' fifth argument and her prayer for relief. The Court cannot glean from those pages the basis of her first argument. Pages 19-21, on the other hand, fall within Roberts' argument section and purportedly address the first issue. However, the

3

section is essentially the legal framework in Social Security appeals. Roberts makes the broad assertion that the ALJ's decision "was unsupported by substantial evidence of record and was contrary to the great weight of such evidence," but then devotes two pages of her brief defining substantial evidence, explaining the standard of review in Social Security cases, and the five-step sequential process applied by the ALJ. She concludes with the following statement:

> It is the contention of undersigned counsel and Plaintiff that, she was, in fact, disabled as that term is defined by the Social Security Act, as amended, at all times relevant herein, and that the ALJ's Unfavorable Decision was erroneously decided. We believe that the administrative record before the ALJ at the time of the decision is sufficient to establish in no uncertain terms, Plaintiff's inability to work at any level. Nonetheless, we believe that this Court ought additionally, to take into account the new and additional evidence submitted to and reviewed by the Appeals Council in rendering their decision not to disturb the ALJ's denial.

Pl. Mot for Summ. J. at 21, PageID.879.

Roberts makes no attempt to apply law to fact or even cite propositions that support her conclusory argument. As the magistrate judge noted, it is not the job of the Court to make arguments on Roberts' behalf when she fails to provide her own legal analysis. See McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."); Deguise v. Comm'r of Soc. Sec., 2013 WL 1189967, at *7 (E.D. Mich. Feb. 19, 2013) ("[P]laintiff cannot simply make the claim that the ALJ erred . . . while leaving it to the Court to scour the record to support this claim."), report and recommendation adopted by 2013 WL 1187291 (E.D. Mich. Mar. 22, 2013); Crocker v. Comm'r of Soc. Sec., 2010 WL 882831, at *6 (W.D. Mich. Mar. 9, 2010) ("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments."). As a result, Roberts' first argument in her motion for summary judgment is waived.

Roberts also waived the fourth argument in her motion for summary judgment: that the ALJ "failed to present coherent, cogent specific[]" reasons as to why she discounted Roberts' testimony regarding her "gastrointestinal, psychological and spinal impairments, when they are substantiated by the great weight of evidence presented." Pl. Mot. Summ. J. at 19, PageID.877. Roberts directs the Court's attention to page 26-30 of her motion for summary judgment. Beginning on page 26, Roberts appears to be addressing her third and fourth arguments under the heading "(3)/(4) ALJ O'Leary erred in finding that Plaintiff's conditions did not meet or equal the criteria of Listed Impairment 12.04, and in doing so, discounted Plaintiff's credibility without a reasonable basis for doing so." However, the only argument under the heading is addressing her depression and how it meets the criteria of both A and B of Listed Impairment 12.04. See Pl.'s Mot. Summ. J. at 26-30. Therefore, as with her first argument, Roberts waived argument four in her motion for summary judgment. Roberts' first objection is overruled.

## B. Objection Two

In her second objection, Roberts argues that the magistrate judge erred by affirming the Appeals Council's decision to exclude evidence that became available after the ALJ hearing. Obj. at 3, PageID.1019. The Commissioner argues that the magistrate judge did not recommend affirming the Appeals Council's decision, rather the magistrate judge found that the Appeals Council order denying review is not a reviewable order. Resp. at 4-5, PageID.1034-1035. It is not entirely clear what Roberts is objecting to in the R&R. On the one hand, she takes exception to the Appeals Council's failure to consider new evidence. Obj. at 3-4, PageID.1019-1020. On the other hand, she takes issue with the determination with respect to that evidence. Id. To the extent the objection is aimed at the Appeals Council's decision denying review, the magistrate judge correctly found that the order is unreviewable, and the objection is therefore overruled. R&R

at 9-10, PageID.997-998 (citing <u>Meeks v. Sec'y of Health & Human Servs.</u>, 996 F.2d 1215 (6th Cir. 1993) ("An Appeals Council order denying review is not, however, a reviewable order; such an order serves only to make the decision of the ALJ the final reviewable decision of the Secretary." (citing 20 C.F.R. § 404.955)). To the extent this objection is aimed at new evidence, the Court will address the new evidence in the more specific objections to follow. Objection two is overruled.

## C. Objection Three

Roberts argues that the magistrate judge erred in finding that the February 2, 2016 physical therapy discharge summary was immediately available and therefore available for the ALJ hearing on March 10, 2016. Obj. at 4, PageID.1020. The Commissioner argues that the February 2, 2016 records are not new because they predate the March 10, 2016 ALJ hearing. Resp. at 5, PageID.1035. The Commissioner is correct.

Evidence is "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding." <u>Foster v. Halter</u>, 279 F.3d 348, 353 (6th Cir. 2001). Roberts argues that "in reality, these records are often not even typed up for weeks thereafter, nor obtainable by the use of medical requests for months thereafter." Obj. at 4, PageID.1020. She maintains that the magistrate judge's assumption that the February 2, 2016 records were available 15 days from the date they were created is "contrary to reality." <u>Id.</u> However, it is Roberts' burden to show that the February 2, 2016 records were not available at the time of the ALJ hearing. <u>Allen v. Comm'r of Soc. Sec.</u>, 561 F.3d 646, 653 (6th Cir. 2009) (citing Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir. 1988)). Her personal observation that these types of records are often not available for months does nothing to establish that these specific records were not available at the time of the ALJ hearing on March 10, 2016. Speculation is insufficient to meet

her burden that the February 2, 2016 records are new evidence. Accordingly, objection three is overruled.

**D. Objections Four through Seven**

Roberts' objections four through seven all relate to medical records that were presented for the first time to the Appeals Council. The ALJ hearing occurred on March 10, 2016. The records in question are dated March 4, 2016 through March 8, 2016; April 7, 2016; June 9, 2016; June 13, 2016; August 4, 2016; and August 8, 2016. The Court will address these objections in turn.

In her fourth objection, Roberts argues that the magistrate judge erred by finding that "new" records were not "material" and that she failed to demonstrate "good cause" for their late submission. Obj. at 4, PageID.1020; R&R at 13, PageID.1001. Roberts' fifth objection relates to her fourth. She further argues that the magistrate judge erred by not considering the cumulative effective of the new evidence on her functional limitations. Obj. at 5, PageID.1021. The Commissioner argues that Roberts is simply rehashing arguments raised in her motion for summary judgment. Resp. at 7, PageID.1037 (citing Markgraff v. Comm'r of Soc. Sec., 2018 WL 654838, at *2 (E.D. Mich. Jan. 31, 2018) ("The Court is not obligated to reassess the identical arguments presented before the Magistrate judge with no identification of error in the Magistrate judge's recommendation."). The Commissioner is correct that the magistrate judge already addressed these arguments. See R&R at 13, PageID.1001. Nonetheless, Roberts objects to the magistrate judge's findings with respect to the medical records presented for the first time to the Appeals Council. The Court will, therefore, consider whether a "sentence six" remand would be appropriate in light of new evidence.

Sentence six of 42 U.S.C. § 405(g) allows a district court to remand a Social Security case to the Commissioner where there is evidence that is both "new" and "material" and that "for good

cause was not previously presented to the Commissioner." <u>Hollon ex rel. Hollon v. Comm'r of Soc. Sec.</u>, 447 F.3d 477, 483 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Records are material only if there is "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." <u>Sizemore v. Sec'y of Health & Human Servs.</u>, 865 F.2d 709, 712 (6th Cir. 1988). "Good cause" under sentence six, requires the claimant to demonstrate "a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." <u>Foster v. Halter</u>, 279 F.3d 348, 357 (6th Cir. 2001). As noted above, Roberts has the burden to show that the new evidence meets these requirements. <u>Allen</u>, 561 F.3d at 653.

With respect to the March 4 through 8, 2016 records, the magistrate judge is correct that they are not material. The records show that Roberts was admitted to the emergency room on March 4, 2016 because of abdominal pain caused by acute pancreatitis. Ex. 1 to Pl.'s Mot. Summ. J. at 27 (Dkt. 18-1), PageID.917. This was nothing new for Roberts. The records reflect that Roberts has had many documented episodes of pancreatitis over the last ten years. <u>Id.</u> at 26-28. The ALJ found that Roberts' pancreatitis was severe, but did not meet or equal a listing in 5.00, in part, because the "condition was exacerbated by [Roberts'] alcohol abuse and when she was not abusing alcohol the condition resolved." ALJ Op. at AR 14-15. This is consistent with the March 4, 2016 medical records, which "strongly recommend [that Roberts] stop smoking and alcohol use." Ex. 1 to Pl.'s Mot. Summ. J. at 26 (Dkt. 18-1), PageID.918.

Additionally, even though the ALJ did not have access to the physical records during the hearing, Roberts testified as to the hospital stay at the ALJ hearing. R&R at 12, PageID.1000 (citing ALJ Hr'g Tr. 32). Based on a review of the March 4 through March 8, 2016 records, there does not appear to be anything inconsistent with Roberts' previous pancreatitis diagnosis; and

Roberts does not offer any explanation as to how these records would lead the ALJ to reach a different disposition in this case.

As to the remaining records that post-date the ALJ hearing, the magistrate judge observed that Roberts "does not get into great[] detail about the information within each of the records or how the records would have altered the ALJ's decision," thereby establishing their materiality. Id. at 13, PageID.1001. The magistrate judge provided specific reasons why each submission was not material. R&R at 14-15, PageID.1002-1003. Roberts, by contrast, argues in generalities that "the records are material when given cumulative effect with the remaining evidence of record." Obj. at 5, PageID.1021. Roberts makes broad assertions, but fails to explain how any of the records alone or taken in light of other evidence would lead the ALJ to reach a different disposition. And Roberts offers no explanation to support her assertion that the magistrate judge erred in finding that she failed to meet the good cause standard. Roberts failed to establish that the records submitted to the Appeals Council are material either on their own or in conjunction with other evidence in the record. Accordingly, Roberts' fourth and fifth objections are overruled.

In her Sixth objection, Roberts raises an argument directed specifically at the June 9, 2016 and August 8, 2016 records. Although the Court already found them to not be material, the Court will address these records separately. Roberts argues that the magistrate judge erred by dismissing "PA Kastning's" notations in the June 9, 2016 and August 8, 2016 records that Roberts had longstanding migraine headaches without addressing whether the headaches affected her during the relevant time. Obj. at 5, PageID.1021. The Commissioner argues that the magistrate judge addressed the migraine headaches and came to the conclusion that the treatment notes fail to show Roberts experienced any particular limitations related to headaches during the relevant time period. Resp. at 8, PageID.1038. The Commissioner is correct.

The June 9, 2016 and August 8, 2016 records, with respect to migraine headaches, deal almost exclusively with migraine headaches that affected Roberts subsequent to the ALJ hearing. See Ex. A in Supp. of Pl. Mot. Summ J. at 37-46, PageID.929-938. The one exception is a passing reference by PA April Kastning noting that Roberts reported "having worsening headaches for the past few years, mostly with her neck pain worsening. [Roberts] is taking imitrex as needed which is not helpful." Id. at 41, PageID.933. The magistrate judge found that the records were not material because they were not referring to the relevant time period. R&R at 15, PageID.1003. However, the magistrate judge also noted Roberts' statement that she had been having worsening headaches for the past few years, but explained that the ALJ considered Roberts' testimony that she had one to two headaches per week and took Imitrex, which was somewhat helpful. Id. at 15 n.7, PageID.1003. Roberts argues that these "records demonstrate that her headaches are ongoing and severe, and call into question the ALJ's RFC" determination. Obj. at 6, PageID.1022.

There is no question that Roberts suffers from chronic migraine headaches, which the ALJ took into consideration. ALJ Op. at 7, PageID.45. A single line in the 2016 records that Roberts has been suffering from chronic migraine headaches for years does not offer anything new on the subject of migraine headaches such that the records would create a reasonable probability that the Commissioner would have reached a different disposition in this case. Therefore, the magistrate judge correctly found that the June 9, 2016 and August 8, 2016 records were not material. Accordingly, Roberts' sixth objection is overruled.

In objection seven, Roberts argues that the magistrate judge erred by confusing the reasons she gave for failing to offer the evidence earlier (because it did not exist) with whether or not she met the good cause standard. Obj. at 6, PageID.1022. The Commissioner disagrees and argues that the magistrate judge's finding was consistent with the Sixth Circuit's "harder line" approach

to the good cause standard.  Resp. at 8, PageID.1038.  The Commissioner has the better part of the argument.

Although Roberts asserts that the magistrate judge misunderstood her good cause argument, she does not explain what the confusion was in her objection.  "Good cause" requires the claimant to demonstrate "a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ."  Foster, 279 F.3d at 357.  The Sixth Circuit's "harder line" approach to good cause requires more than simply showing that new medical records became available after the ALJ's final decision.  Oliver v. Sec'y of Health & Human Servs., 804 F.2d 964, 966 (6th Cir. 1986) (citing Willis v. Sec'y of Health & Human Servs., 727 F.2d 551, 554 (6th Cir. 1984)).

The medical records from June 9, 2016; June 13, 2016; August 4, 2016; and August 8, 2016 all became available after the ALJ's decision issued.  However, in Willis, the Sixth Circuit criticized counsel for not seeking to have the administrative record held open while additional evidence was gathered for presentation to the ALJ.  Willis, 727 F.2d at 554.  In other words, as soon as Roberts became aware that relevant medical records might become available in the near future for the ALJ to consider, she should have asked that the administrative record stay open to gather and submit the records.  In her motion for summary judgment, Roberts' counsel explains that she only became aware of the records in preparing her brief, which was filed on February 9, 2018.  Pl. Mot. Summ. J. at 24, PageID.882.  However, when the appellate attorney became aware of the records does not address the Sixth Circuit's concern that a claimant must provide an explanation as to why he or she did not ask the ALJ to keep the record open while she gathered additional evidence that would soon become available.  Accordingly, because Roberts has not

provided an explanation why there was good cause for not submitting additional medical records sooner than she did, objection seven is overruled.

### E. Objection Eight

In objection eight, Roberts argues that the magistrate judge erred by finding that substantial evidence supported the ALJ's finding that Roberts' mental impairments did not meet Listing 12.04's paragraph B requirements.  Obj. at 6-7, PageID.1022-1023.  Specifically, she argues that the ALJ should not have adopted the findings of the non-examining State psychological consultant, Dr. Garner, whose opinion was made two years prior to the evidentiary hearing.  <u>Id.</u>  The Commissioner argues that these arguments were raised in her motion for summary judgment and addressed by the magistrate judge.  Resp. at 9, PageID.1039.  The Commissioner is partially correct.

Roberts raised this matter in a footnote in her motion for summary judgment, as well as in her response to the Commissioner's motion for summary judgment.  Pl. Mot. Summ. J. at 30 n.4, PageID.888; Pl. Resp to Mot. Summ. J. at 3-4, PageID.983-984.  However, as the magistrate judge noted, Roberts does not identify any legal authority that Dr. Garner's opinions should be rejected simply because he was a non-examining source.  R&R at 22, PageID.1011.  Indeed, it is quite the opposite.  The ALJ is entitled to give significant weight to a non-examining State psychological consultant's opinion under the Social Security regulations.  <u>Id.</u> (citing cases); <u>see also</u> 20 C.F.R. § 404.1527(e) (recognizing the evidence offered by State agency psychological consultants); 20 C.F.R. § 404.1513a (requiring ALJs to consider State agency psychological consultants because they "are highly qualified and experts in Social Security disability evaluation").

Additionally, Roberts' argument is not persuasive with respect to substantial evidence.  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.'" <u>Lindsley v. Comm'r of Soc. Sec.</u>, 560 F.3d 601, 604 (6th Cir. 2009)

(quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)).  Administrative findings "are not

subject to reversal merely because substantial evidence exists in the record to support a different

conclusion.   The substantial evidence standard presupposes that there is a 'zone of choice' within

which the Secretary may proceed without interference from the courts." <u>Felisky v. Bowen</u>, 35

F.3d 1027, 1035 (6th Cir. 1994) (citations omitted).  "If the [administrative] decision is supported

by substantial evidence, a reviewing court must affirm." <u>Id.</u> (citing <u>Kirk v. Sec'y of Health &</u>

<u>Human Servs.</u>, 667 F.2d 524, 535 (6th Cir. 1981)).

The ALJ's finding that Roberts' mental impairments did not meet Listing 12.04's

paragraph B requirements was supported by substantial evidence.  In addition to considering Dr.

Garner's opinion, the ALJ took into account the consultative examination performed by Dr. Stuart

Quirk, a State Agency psychological examiner, who diagnosed Roberts with recurrent major

depressive disorder of moderate severity.  ALJ Op. at 20, PageID.47.  Roberts did not complain of

anxiety disorder, so the ALJ gave limited weight to the fact that Dr. Quirk did not diagnose Roberts

with anxiety disorder or limitations. <u>Id.</u>  However, he also considered the report of Tamara Berry

Koons, Roberts' friend, who said that Roberts had no problems caring for her personal needs,

shopping for groceries and household needs, handling her finances, driving, and that she was able

to follow instructions. <u>Id.</u>  Koons's report was consistent with the ALJ's observations that Roberts

generally had normal mood and affect, and showed no anxiety over the course of the record. <u>Id.</u>

Roberts, on the other hand, does not explain which parts of Dr. Garner's opinions are erroneous or

how the opinions conflict with other sources.  Accordingly, Roberts' eighth objection is overruled.

**F.  Objection Nine**

In objection nine, Roberts argues that the magistrate judge erred by accepting the ALJ's rationale that Roberts can occasionally interact with supervisors and coworkers, but cannot interact with the general public, which equated to moderate restriction in social functioning. Obj. at 7, PageID.1023. The Commissioner argues, among other things, that Roberts offers no authority to support her assertion of error, Resp. at 9, PageID.1039, which is true.

The ALJ's evaluation of Roberts' social functioning was supported by substantial evidence. The magistrate judge made the following observations:

> As to social functioning, the ALJ noted that Roberts reported that she spent time with family and close friends and had no problems getting along with others. (Tr. 21). The ALJ considered Koons' Third Party Function Report where she indicated that she visited Roberts three to four times a week for several hours each time. (Id.). Indeed, this is an accurate reflection of statements provided by Roberts and Koons in their Function Reports. (Tr. 243, 247, 234-35). Roberts' Function Report also indicates that she has never been fired or laid off because of problems getting along with others and that she gets along with authority figures 'good.' (Tr. 236). Although Roberts wrote that she doesn't like being around big crowds because it gives her panic attacks, she indicated that she shops for groceries in the store once a week. (Tr. 233, 235). At the hearing, Roberts testified that she lives in a house with her boyfriend. (Tr. 35-36).

R&R at 18-19, PageID.1006-1007. This substantial evidence supports a finding that Roberts can occasionally interact with supervisors and coworkers, but cannot interact with the general public, which equates to moderate restriction in social functioning. And, as noted by the Commissioner, Roberts offers no authority to the contrary. Accordingly, Roberts' ninth objection is overruled.

### G. Objection Ten

In Roberts' tenth objection, she argues that the magistrate judge erred by finding no error in the ALJ's finding that Roberts had only moderate difficulties in maintaining concentration, persistence or pace with respect to formulating her RFC. See Obj. at 7-8, PageID.1023-1024. Specifically, Roberts takes aim at the ALJ's evaluation of Roberts' self-reporting that she had no problems with concentration and the observations of a field office interviewer, who noted that

Roberts had no difficulty with hearing, reading, understanding, coherency, concentrating, talking, and answering.  Id. at 8, PageID.1024.  The Commissioner argues that "other evidence" is appropriate to consider under 20 C.F.R. § 404.1545.  The Commissioner is correct.

Roberts again offers no authority to support her argument.  Nor can she; under the regulations, an RFC is assessed "based on all the relevant evidence in [a claimant's] case record." 20 C.F.R. § 404.1545(a)(1) (emphasis added).  See also id. § 404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence." (emphasis added)); id. § 416.945(e) ("In assessing the total limiting effects of your impairment(s) and any related symptoms, we will consider all of the medical and nonmedical evidence." (emphasis added)).  This includes, "descriptions and observations of your limitations from your impairment(s), including limitations that result from your symptoms . . . provided by you, your family, neighbors, friends, or other persons."  Id. § 404.1545(a)(3).  Moreover, when evaluating the effect of a claimant's symptoms, the Commissioner is required to consider evidence beyond the medical record, including evidence of daily activities, precipitating and aggravating factors, measures used to relieve the symptoms, and any other factors concerning the functional limitations caused by the symptoms.  See id. § 404.1529 (a), (c)(3).  It was therefore entirely appropriate for the ALJ to consider Roberts' self-reporting and the observations of a field office interviewer when evaluating Roberts' ability to maintain concentration, persistence, or pace for purposes of developing an RFC.  Accordingly, Roberts' tenth objection is overruled.

## H.  Objection Eleven

In her eleventh objection, Roberts argues that the magistrate judge erred by finding no error in the ALJ's finding that she had not experienced any episodes of decompensation of extended duration.  Obj. at 9, PageID.1025.  Roberts argues that nothing in the then applicable Listing 12.00

"states that a lack of hospitalizations constitute evidence against a finding of decompensation." Id. She further argues that Roberts' episodes of decompensation are demonstrated by "the 23-year period 1990 through 2012, Plaintiff worked for 18 different employers, having repeatedly been fired for inability to get along with others or having quit when she could no longer go on." Id. (emphasis in original). The Commissioner argues that the magistrate judge and the ALJ came to the correct conclusion and cited the relevant portions of Listing 12.00. Resp. at 11-12, PageID.1041-1042.

Under Listing 12.00 in effect during the relevant time period, "[e]pisodes of decompensation are exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.00 (effective August 12, 2015 to May 23, 2016).

> Episodes of decompensation may be demonstrated by an exacerbation in symptoms or signs that would ordinarily require increased treatment or a less stressful situation (or a combination of the two). Episodes of decompensation may be inferred from medical records showing significant alteration in medication; or documentation of the need for a more structured psychological support system (e.g., hospitalizations, placement in a halfway house, or a highly structured and directing household); or other relevant information in the record about the existence, severity, and duration of the episode.

Id. (emphasis added). Additionally, work or attempts to work during the "period of time pertinent to the determination of disability" and "[i]nformation concerning [a claimant's] behavior during any attempt to work and the circumstances surrounding termination of [a claimant's] work effort are particularly useful in determining [a claimant's] ability or inability to function in a work setting." Id. (emphasis added).

Roberts is correct that Listing 12.00 did not state explicitly that a lack of hospitalizations constitute evidence against a finding of decompensation. However, that is a straw man argument.

The ALJ noted that Roberts' medical records did not "establish any periods of hospitalization, exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning." ALJ Op. at AR 16, PageID.44. In other words, the medical records lacked information from which the ALJ could infer that Roberts suffered episodes of decompensation during the relevant time. The ALJ correctly evaluated the medical records and provided sound reasoning for his conclusion that they did not support a finding that Roberts had suffered episodes of decompensation under Listing 12.00.

As to Roberts' argument that her work history is clear evidence of episodes of decompensation, the magistrate judge found correctly that her work history from 1990 through 2012 falls outside of the relevant time frame, and therefore is not relevant to the issue of decompensation. R&R at 21, PageID.1009; seel also 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.00 (effective August 12, 2015 to May 23, 2016) (explaining that work or attempts to work during the "period of time pertinent to the determination of disability" is relevant). Accordingly, objection eleven is overruled.

## I. Objection Twelve

In her twelfth objection, Roberts argues that the magistrate judge erred by observing that she does not cite to where in the record her social functioning had deteriorated to a level of severity that she hardly ever goes out, and that she is essentially a recluse from strangers, dealing only with her immediate family, boyfriend, and one friend." Obj. at 9-10, PageID.1025-1026. She makes several citations in support of her argument. Id. The Commissioner argues that none of Roberts' citations show reclusiveness due to severe social difficulties. Resp. at 13, PageID.1043.

Roberts misunderstands the magistrate judge's opinion. The relevant paragraph states the following:

In her motion, Roberts points to other evidence that she believes supports the severity of her mental impairments. (Id. at 31). She believes that evidence of her social functioning being "severely restricted due to her major depression" can be found in her testimony "that she hardly ever goes out, [and] that she is essentially a recluse from strangers, dealing only with her immediate family, boyfriend and one friend" mostly by phone. (Id.). Meanwhile, she argues that her limitations regarding concentration, persistence, and pace are evidenced by the fact that she "rarely leaves the home due to agoraphobia" and has "difficulties dealing with others, depression, [and] anxiety." (Id.). But Roberts does not cite to where in the record this evidence appears, even though the burden is on her to prove that her impairments meet or medically equal a particular listing. See Bingaman v. Comm'r of Soc. Sec., 186 F. App'x 642, 645 (6th Cir. 2006); Gower v. Comm'r of Soc. Sec., No. 13-14511, 2015 WL 163830, at *26 (E.D. Mich. Jan. 13, 2015).

R&R at 21-22, PageID.1009-1010.

The magistrate judge's comment that Roberts does not cite to evidence relates to the immediately preceding sentence in the paragraph: "Meanwhile, she argues that her limitations regarding concentration, persistence, and pace are evidenced by the fact that she 'rarely leaves the home due to agoraphobia' and has 'difficulties dealing with others, depression, [and] anxiety.'" Id. at 21, PageID.1009. The Court has reviewed Roberts' motion for summary judgment, and agrees with the magistrate judge that Roberts does not cite record evidence to support her assertion that she rarely leaves home due to agoraphobia and has difficulties dealing with others, depression, and anxiety. Accordingly, objection twelve is overruled.

**J. Objection Thirteen**

In her thirteenth objection, Roberts argues that the magistrate judge erred by accepting the Commissioner's "argument that Plaintiff's work history, while relevant for looking to past relevant work, transferability of skills and other vocational determinations was simultaneously irrelevant to the issue of decompensation because it predated her onset date." Obj. at 10, PageID.1026. The Commissioner argues that Roberts' prior work history is not relevant to whether she experienced episodes of decompensation during the relevant period. Resp. at 13, PageID.1044. The Court

already addressed Roberts' work history from 1990 to 2012 with regard to determining episodes of decompensation in objection eleven.    Objection thirteen is overruled for the reasons stated in objection eleven.

### K.  Objection Fourteen

Roberts' fourteenth objection is not a model of clarity.  She argues that the magistrate judge erred by dismissing her argument that non-examining consultants are unreliable.  <u>See</u> Obj. at 10-11, PageID.1026-1027.  Roberts appears to argue that the consultants are unreliable because in all cases that reach an ALJ, a consultant has determined that the claimant is capable of some level of work, however, in half of the cases that reach ALJs, the ALJs disagree with the consultants' findings.  <u>See</u> <u>id.</u>  By analogy, Roberts argues that consultants, therefore, cannot be relied on to make disability determinations because they are wrong half the time in determining whether claimants are capable to perform some level of work.  <u>See</u> <u>id.</u>  The only evidence Roberts offers in support of her argument is a passing reference to "ALJ Disposition rates published quarterly by the SSA," but, of course, she offers no specific citation for the Court to review.  <u>Id.</u> at 11, PageID.1027.

Rather than unravel the myriad of logical fallacies in Roberts' reasoning, the matter can be resolved more directly.  With respect to State agency consultants, such as Dr. Garner and Dr. Quirk, ALJs "must consider" their opinions, because "State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation."  20 C.F.R. § 404.1513a(b)(1).  ALJs are not required to adopt State agency consultants' opinions, but they must consider the evidence and carefully and methodically review the record and explain the weight given to the consultant opinions.  <u>Id.</u>  Here, the ALJ discussed the weight given to Dr. Garner's and Dr. Quirk's respective opinions and his reasons for the decisions in light of the medical records

and other evidence.  ALJ Op. at 20-21, PageID.47-48.  Roberts has failed to offer any evidence, other than spurious reasoning, to cast doubt on the reliability of Dr. Garner's and Dr. Quirk's opinions.  Accordingly, objection fourteen is overruled.

**L.  Objection Fifteen**

In her fifteenth objection, Roberts argues that the magistrate judge erred in finding that the ALJ's hypothetical question posed to the vocational expert was appropriate.  Obj. at 11, PageID.1027.  The Commissioner argues that Roberts does not identify any evidentiary support for her argument.  Resp. at 15, PageID.1045.  Additionally, the Commissioner points out that the magistrate judge already addressed this argument.  Id. at 14, PageID.1044.  The Commissioner is correct.

Roberts argues the following with regard to the hypothetical question posed to the vocational expert:

> The hypothetical question failed to take into account the overwhelming likelihood that Plaintiff would be absent more than merely 1-2 times per week, that she would be off task greater than 15% of the time, that she could work without a sit/stand option, that she could lift up to twenty pounds occasionally and 10 pounds frequently, that she could stand 6 of an 8-hour workday, that she would occasionally be capable of kneeling, crouching or crawling, none of which is supported by the evidence of record, which evidence establishes that as a result of her migraines, pancreatitis and GI problems, spinal pain and dysfunction and her depression/anxiety, she would be incapable of doing any of those things and would, instead be excessively absent or tardy and excessively off task so that these impairments would be, as the V/E noted, in the range of work preclusivity.

Obj. at 11-12, PageID.1027-1028.  The magistrate judge properly construed Roberts' argument with regard to the hypothetical question as a veiled attack on the ALJ's underlying RFC finding.  R&R at 25, PageID.1013.  The magistrate judge noted that Roberts did not cite to any evidence that indicates such severe functional limitations, something she also fails to do in her objection.  The magistrate judge, however, identified the relevant portions of Roberts' testimony regarding

her physical limitations and concluded correctly that Roberts' arguments were speculative and not based on any specific evidence relating to her functional abilities. R&R at 26-27, PageID.1014-1015. The Court agrees. Roberts' fifteenth objection is overruled.

### M. Objection Sixteen

In her final objection, Roberts argues that the magistrate judge erred by concluding that Roberts "bears the burden of proving her RFC, even at Step 5." Obj. at 12, PageID.1028. She argues that under <u>Abbott v. Sullivan</u>, 905 F.2d 918, 926 (6th Cir. 1990), the Court "held that the burden of proving RFC also shifts to the Commissioner at step five, explaining that 'at this point [step five], the Secretary bears the burden of demonstrating that, notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy.'" <u>Id.</u> The Commissioner argues that there was no misapplication of law. Resp. at 15, PageID.1046 (citing <u>Her v. Comm'r of Soc. Sec.</u>, 203 F.3d 388, 392 (6th Cir. 1999)). The Commissioner is correct.

The Sixth Circuit, in <u>Her v. Commissioner of Social Security</u>, resolved any ambiguity in <u>Abbot v. Sullivan</u> with regard to the Commissioner's burden at step five. <u>Her</u>, 203 F.2d at 391-392. The <u>Her</u> panel explained that the relevant language in <u>Abbot</u> "was meant only to emphasize that the burden of proof shifts at step five in order to prove the availability of jobs in the national economy, and should not be read to expand that requirement." <u>Id.</u> at 392. The Sixth Circuit was clear in <u>Her</u> that the burden to prove a claimant's RFC does not shift to the Commissioner at step five. <u>Id.</u>

Roberts is also mistaken that the magistrate judge concluded that it was Roberts' burden to prove her RFC at Step 5. Roberts does not identify where the magistrate judge made this conclusion, rather she cites generally to pages 24-27. The only reference to Roberts' burden with

respect to proving her RFC is in the magistrate judge's uncontroversial statement that "Roberts –
who bears the burden of proving her RFC – has not shown that the ALJ's failure to consider the
functional limitations resulting from diarrhea caused by her chronic pancreatitis is error meriting
remand." R&R at 27, PageID.1016. Nothing in the magistrate's statement suggests that Roberts's
burden to prover her RFC is at step five. Roberts is simply mistaken in this regard. Roberts' final
objection is overruled.

## IV.  CONCLUSION

For the above-stated reasons, the Court **OVERRULES** Roberts' objections (Dkt. 23) and
**ADOPTS** the recommendations contained in the magistrate judge's R&R (Dkt. 22). Roberts'
motion for summary judgment (Dkt. 18) is **DENIED** and the Commissioners' motion for summary
judgment (Dkt. 20) is **GRANTED**. The ALJ's decision is **AFFIRMED** and this matter is
**DISMISSED WITH PREJUDICE**.

SO ORDERED.

Dated:  September 19, 2018                    s/Mark A. Goldsmith
Detroit, Michigan                                   MARK A. GOLDSMITH
                                                          United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any
unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail
addresses disclosed on the Notice of Electronic Filing on September 19, 2018.

                                                    s/Karri Sandusky
                                                    Case Manager